UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAMERON KIZER MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-56 |
| | ) |
| KEN FRIES, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a request by *pro se* Plaintiff Cameron Kizer Moore in this 42 U.S.C. § 1983 case advancing an Eighth Amendment claim, asking that this Court request an attorney to represent him. (Docket # 31.) Because Moore is competent to litigate this case himself, the motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the

case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

**ANALYSIS**

To begin, there is no evidence that Moore has contacted any attorneys concerning his case. Therefore, he fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if he had satisfied this threshold requirement, it is evident that Moore is competent to represent himself in this matter. This suit is a relatively straightforward § 1983 action: Moore claims that Defendants were deliberately indifferent to his serious medical needs concerning caring for a gun shot wound to his foot during his incarceration at the Allen County

Jail in May and June 2013, in violation of the Eighth Amendment. (Docket # 31.) Accordingly, Moore's assertion that "the case could potentially become too complicated for him to litigate" is not persuasive; instead, the first factor–the difficulty of his claims–cuts against his request for counsel. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, Moore has already comprehensively articulated his claims in this suit (Docket # 1, 31); participated in two scheduling conferences (Docket # 19, 25); propounded discovery requests to Defendants (Docket # 14); drafted two letters to opposing counsel offering settlement terms (Docket # 21, 22); and sought relief through various motions, including a motion to amend, motion to dismiss, and motion to appoint counsel (Docket # 2, 4, 23, 27, 28, 31). Consequently, it is clear that Moore is literate and has adequate communication skills, at least for purposes of representing himself. *Cf. Dewitt v. Corizon, Inc.*, __ F.3d __, 2014 WL 3686080, at *3 (7th Cir. July 25, 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience"); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education).

Indeed, Moore's submissions to the district court are much better than the average *pro se* litigant's and even include citations to evidence. (*See, e.g.*, Docket # 21, 23, 31); *see Olson*, 750 F.3d at 712. Moreover, the majority of the facts of this case are likely within Moore's particular knowledge; thus the task of any discovery, if necessary, is apt to be quite limited and certainly

not insurmountable.

Considering the foregoing, Moore appears competent to adequately handle the litigation of this § 1983 deliberate indifference case. Consequently, his motion asking that the Court request counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Request for Court-Appointed Counsel (Docket # 28) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 12th day of September, 2014.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge